IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Edward Terrell Chandler, | ) | |
|         Petitioner, | ) | C/A No. 8:23-cv-02286-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Evans Correctional Institution, | ) | |
|         Respondent. | ) | |
| _____ | ) | |

      The Petitioner, Edward Terrell Chandler, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief, challenging his convictions for burglary, kidnapping, strong armed robbery, and criminal sexual conduct 1st degree. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed without prejudice. (ECF No. 9). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 9. Petitioner filed objections to the Report. (ECF No. 11).

      The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting

party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

In her Report, the magistrate judge determined that Petitioner had not exhausted his state court remedies. (ECF No. 9 at 3). At the time of the Report, as noted by the magistrate judge, Petitioner's appeal of the denial of his petition for Post-Conviction Relief ("PCR") had just been denied, and the South Carolina Supreme Court had not yet issued a remittitur. *Id.* at 6 (citing *Chandler v. State*, No. 2022-000410 (S.C. Apr. 13, 2023)). The magistrate judge further noted that Petitioner had filed a Rule 59(e) motion to alter and/or amend the judgment in the underlying PCR case in April 2022, and a Rule 60(b) motion to vacate judgment on May 11, 2023. (ECF No. 9 at

6). At the time of the Report, both motions remained pending before the PCR court. *See id.* However, since the filing of the Report, the South Carolina Supreme Court has issued a remittitur. *Chandler v. State*, No. 2022-000410 (S.C. June 26, 2023). Attached to such notice of remittitur, the South Carolina Supreme Court issued an order denying Petitioner's request for a writ of mandamus to require the PCR court to rule on his successive Rule 59(e) motion, and the court cited to authority holding that a party "may not file a successive Rule 59(e) motion if the party did not challenge something that was altered from the original judgment as a result of the initial motion for reconsideration." *Chandler v. State*, No. 2022-000410 (S.C. June 8, 2023).

Accordingly, now that the appeals regarding Petitioner's PCR proceedings in state court have concluded, and the Supreme Court has issued a remittitur, it appears Petitioner has now exhausted his state court remedies.* Therefore, the court respectfully **DECLINES** to adopt the Report and recommits this case to a magistrate judge for consideration on the merits. Furthermore, the court notes that Petitioner has filed a motion for summary judgment (ECF No. 13). At this stage of the proceedings, the Petition has not yet been served on the Respondent, and, as such, the Respondent has not had a fair opportunity to respond to the Petition. Accordingly, the court **DENIES** the motion for summary judgment (ECF No. 13), but such ruling is *without prejudice* and with leave to refile once the Respondent has appeared and filed a return on the Petition.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

---

* The court recognizes that the Rule 59 and 60 motions remain pending at the PCR level. However, such motions were filed prior to the Supreme Court's issuance of remittitur. As the timeliness of a habeas petition may be affected by the issuance of remittitur of the state Supreme Court, the court considers the state court remedies exhausted now that the remittitur has been filed. *See* 28 U.S.C. § 2244 (d)(2) (stating that the one-year statute of limitations is tolled for a state prisoner while he or she completes state court proceedings on a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim").

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 13, 2024